.TAYLOR, Associate Justice.
The appellants, as plaintiffs below, sued appellees, as defendants below, for damages alleged to have been sustained as a result of Myrtle H. Sellers falling down a flight of stairs in an apartment house owned by the defendants and in which plaintiffs occupied, as paying tenants, an’ apartment on the second floor. Mrs. Sellers seeks damages for personal injuries sustained and Mr. Sellers seeks to recover for medical expenses in treating his wife for her injuries and the loss of her services and consortium. For convenience, Mrs. Sellers will be referred to as the plaintiff and the appellees as defendants.
The‘complaint charges negligence on the part of the defendants in three particulars: (1) Failure to maintain proper lights or lighting facilities in a common hallway used by several tenants of the apartment house; (2) negligently permitting a metal binding upon one of the stairs to be bent up above its proper level causing plaintiff to trip thereon and fall; and (3) negligently maintaining a handrail of the stairway so that it became insecure and loose so that when plaintiff, having tripped, caught the handrail to support herself it gave way causing her to fall. The complaint was sustained as stating a cause of action.
The depositions of plaintiff were taken and the defendants answered interrogatories filed by plaintiffs. Defendants made a motion for summary judgment based upon the depositions and answers to interrogatories,.grounding the motion on two contentions; (1) that it affirmatively appears from the depositions of the plaintiff that no inference of any negligence on the part of the defendants contributing to plaintiff’s injuries can be drawn therefrom; and (2) it affirmatively appears from the deposition of plaintiff that she was guilty of contributory negligence. Plaintiffs filed counter-affidavits and a hearing was had upon the motion for summary judgment.
The Circuit Court held:
1. That any conflicts created between the affidavits of the plaintiffs and the deposition of the plaintiff, Myrtle H. Sellers, are on immaterial issues;
2. That the plaintiff, Myrtle H. Sellers, obviously had full knowledge of the conditions alleged as the basis of negligence, namely, the faulty lighting, the imperfection on the step, and the loose bannister, for a considerable period of time prior to the alleged incident;
3. That the plaintiff, Myrtle H. Sellers, having full knowledge of the alleged conditions failed to use ordinary care and precaution for her own safety and was guilty of contributory negligence; proximately contributing to her injuries;
4. That there is no genuine issue as to any material fact;
5. And that the defendants are entitled to judgment as a matter of law.
When a summary judgment is applied for, all the circumstances must be construed in their aspects most favorable to the other party. All inferences favoring the other party that can reasonably be drawn from the evidence must be accepted as facts.
However, there is little conflict in the evidence that was before the Court. The facts aré briefly as follows:
Plaintiff, during the process of preparing the evening meal for herself and her husband, found that she needed something from a grocery store across the street. She left her apartment on this errand. It was dark. She attempted to turn on the light in the upstairs hall, but the light failed to work. She started down the *73 stairs in the darkness and tripped (presumably) over a bent metal binder on one of the stairs which binder extended above the level of the step sufficient to cause her to stumble. She grasped a handrail which fan along the stairs. This handrail gave way causing plaintiff to fall down the stairs.
The depositions of the plaintiff disclose that she knew that the binder on the stair was bent out of its proper position, because she testified that about a week before her accident another person had tripped on this binder. In view of this fact, the plaintiff should have taken this knowledge into consideration and proceeded with the utmost caution if she felt impelled to use the dark stairs. Applying the presumption which favors the action of the trial court, we would not reverse the judgment of that court holding that, as a matter of law, the plaintiff was guilty of such contributory negligence in tripping over this binder as to justify withdrawing this issue from the jury and entering a summary judgment thereon in ■ favor of the defendant if no other acts of negligence were involved.
In turning to a consideration of the failure of the handrail, an entirely different situation is presented. We have before us pictures of the stairway. The stairs rise between perpendicular masonry walls. On each side of the stairs there is a handrail consisting of a cylindrical rod some two or three inches in diameter supported by brackets. Each of these brackets consists of a flat plate which fits against and is bolted into the wall, a shaft that curves outward and upward ending in a curved plate which fits against the underside of the rod and to which the rod is affixed by bolts or screws. From a casual observance, this handrail gives every indication of sturdiness and strength. It is true that plaintiff testified that the handrail was “loose” before the accident and that she knew of this fact, but her testimony is readily susceptible to the construction and leads the writer to the conclusion that the degree of play or “looseness” in the handrail before the accident was so different from its condition after the accident as to be insufficient to place the plaintiff on notice that it was unsafe to rely upon the handrail being of sufficient strength to do the very thing that any ordinary and reasonable person would expect it to do. There is a great difference between a handrail or bannister being loose in the sense that it is not absolutely rigid! on the one hand, and being in such a condition that “it came loose from the wall enough to hang down,” as plaintiff testified occurred at- the time of her accident.
As we read the deposition of the plaintiff, it is at least susceptible of the construction that the handrail was in' such a condition before the accident, and to the knowledge of the plaintiff, that there was a degree of motion in the rail in its upright position and being supported in that upright position by the brackets above described, 'but that at the time of the accident the bracket in its connection with the-wall was so loose that it failed to support the rail sufficiently for it to be of any assistance to the plaintiff.
If this occurred, and the plaintiff did not know of the structural defect, and was in no way placed on notice of it, we think a case is presented which should go to a jury for decision. The absence of light had nothing to do with the failure of the handrail. The contributory negligence of the plaintiff in attempting to negotiate a. dark staircase could prevent recovery only with, respect to such defects as would have been disclosed by light. Certainly a jury would be within its province if it should determine that the attempt to use the dark stairs was a remote rather than the proximate cause of plaintiff’s fall. The same applies to the stumbling or tripping over the bent binder.
It will be noted that the Circuit Court held that the complaint sufficiently stated a cause of action; and that the motion for summary judgment was granted only upon the conclusion reached by the Circuit Court that the plaintiff was guilty of contributory negligence as a matter of law.
.We think that the Court erred in concluding that because plaintiff knew that the *74 fail was loose to some extent; but to an extent less that developed at the time of the accident, she was, as a matter of Iaw,: guilty of contributory negligence in placing herself in a position where it became necessary to use the rail for- the purpose for which it was obviously intended and then relying upon it to serve its obvious purpose.
The original memorandum opinion is withdrawn and the cause is
Reversed.
ROBERTS, C. J., and TERRELL, SE-BRIiNG, THOMAS and DREW, JJ., concur.
BUFORD, J., dissents.